Patent Appeal No. 2542.

Court of Customs and Patent Appeals.

Dec. 1, 1930.

**IRVING BANK–COLUMBIA TRUST CO. v. UNITED STATES.**

No. H–495.

Court of Claims.

Nov. 3, 1930.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

clusive, credited against original tax for 1919 as shown in finding 11.

The credits were allowed and made under section 1324(a) of the Revenue Act of 1921. The Commissioner of Internal Revenue allowed and paid interest as shown in finding 12. He computed and allowed interest to the due date of the unpaid original tax for 1919 (December 15, 1920) instead of to

the date of the allowance of the claim for credit on the ground that after that date

plaintiff was liable for interest on the 1919 tax.

Plaintiff claims that as to the amounts credited arising from overpayments of the original tax, interest should have been paid from the dates of payments to the date of allowance of the claim for credit, and, as to the amounts credited arising from overpayments of additional assessments, interest should have been allowed from six months after the claim for credit was filed to the date of the allowance of such claim.

The character of the overassessments and the amounts of overpayments credited were as follows:

Laurence Graves, of Washington, D. C. (Elwood W. Kemp, Jr., of New York City, on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Chas. F. Kincheloe and J. S. Franklin, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

Plaintiff seeks to recover additional interest of $26,653.21 on overpayments totaling $173,092.80 for the years 1915 to 1918, in-

| Year | Overpayment | Amount |
|---|---|---|
| 1915 | $ 10,730 44 | [1] $10,730 44 |
| 1916 | 19,829 86 | [1] 16,891 89<br>[2] 2,937 97 |
| 1917 | 131,004 55 | [1] 65,782 66<br>[2] 65,221 89 |
| 1918 | 11,527 95 | [2] 11,527 95 |

[1] Additional assessment.
[2] Original assessment.

Interest was allowed and paid as follows:

| Year | Overpayment | Amount on which interest allowed | Interest from— | Allowed to— | Amount |
|---|---|---|---|---|---|
| 1915 | $ 10,730 44 | $10,730 44 | Oct. 16, 1918 | Dec. 15, 1920 | $1,392 46 |
| 1916 | 19,829 86 | 16,891 89 | .......do...... | .......do...... | 2,192 01 |
| 1917 | 131,004 55 | 65,782 66 | Feb. 6, 1920 | .......do...... | 3,386 45 |
| | $161,564 85 | $93,404 99 | | | $6,970 92 |

Interest was disallowed as follows:

| Year | Overpayment | Amount on which interest was disallowed |
|---|---|---|
| 1916 | $ 19,829 86 | $ 2,937 97 |
| 1917 | 131,004 55 | 65,221 89 |
| 1918 | 11,527 95 | 11,527 95 |
| | 162,362 36 | 79,687 71 |

■ The plaintiff did not pay all of the original tax shown due and assessed on the returns for 1919, and claims for credit and abatement were filed. Under section 250(e) of the Revenue Act of 1918 (40 Stat. 1083) and section 250(e) and (h) of the Revenue Act of 1921 (42 Stat. 266, 267), plaintiff became liable for interest upon the unpaid 1919 tax. Andrews Steel Company v. United States (Ct. Cl.) 42 F.(2d) 573. . Plaintiff filed a claim for abatement for an amount of the 1919 original tax in excess of the amount of the overpayments for prior years credited against the 1919 tax, and also filed a claim for credit. It is immaterial whether the commissioner computed interest to the date of the allowance of the claim for credit, since, if he had, plaintiff would have been required to pay the same rate of interest upon the amount of the unpaid 1919 original tax, and such interest from the due date of such tax to the date of the credit would have exceeded the additional interest claimed by plaintiff by $6,850.-07.

No interest was payable upon the amounts set forth in the last column of the last tabulation above for the reason that they were additional assessments and the due date (December 15, 1920) of the installment of the 1919 tax against which they were credited came within the six months' period following the filing of the claim for credit on June 15, 1920. No interest was paid by plaintiff to the defendant on $173,092.80 of the original 1919 tax returned and assessed, and later satisfied by a credit of the overpayments for the years 1915 to 1918, inclusive, upon the allowance of the claim for credit from the due dates of the installments of the 1919 tax to the date of the allowance of the claim for credit.

■ Interest was allowed on the full amount of the overassessment for 1915 from the date the additional assessment was paid, October 16, 1918, to the due date of the last installment of the unpaid 1919 tax, December 15, 1920, against which it was applied. On the amount of $16,891.89 of the 1916 overassessment, which was an additional assessment, interest was allowed from the date of the payment of the additional assessment, October 16, 1918, to December 15, 1920, the due date of the last installment of the 1919 tax against which it was credited; no interest was allowable on the credit of the remainder of the 1916 overassessment of $2,937.97 for the reason that this amount grew out of the overpayment of the original tax, which was not paid under protest, and claim for credit was filed June 15, 1919, and six months from that date was the due date of the 1919 tax. Interest was allowed on $65,782.66 of the overassessment for 1917 from February 8, 1920, the date of the payment of the additional assessment, to December 15, 1920, the due date of the unpaid installment of the 1919 tax against which it was credited, but no interest was allowable on the remaining $65,221.89 of the overpayment because the due date of the 1919 tax against which it was credited came within the six months' period after the filing of the claim for credit.

No interest was allowable on the credit growing out of the 1918 overpayment for the reason that the due date of the 1919 tax against which it was credited also came within the six months' period following the filing of the claim for credit on June 24, 1920. It therefore appears that all the interest to which the plaintiff is entitled has been allowed and paid before the filing of the petition in this case, and it follows that no recovery can be had.

The petition must therefore be dismissed, and it is so ordered.